UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Steven T. Kattke,

Plaintiff,

v.

The Independent Order of Foresters,

Defendant.

File No. 00-CV76 (ADM/AJB)

**STIPULATION FOR PROTECTIVE ORDER AND ORDER**

WHEREAS, plaintiff and defendant in the above-entitled action have, and/or will, engage in discovery in connection with this lawsuit; and

WHEREAS, said discovery may involve the disclosure of documents and/or information a party considers to be of a confidential nature; and

WHEREAS, the parties wish to enter into a stipulation pursuant to which the Court shall enter an order maintaining the confidentiality of any such confidential documents or information.

THEREFORE, to effectuate this intent, the parties to the above-entitled action, through their undersigned counsel, hereby stipulate and agree that upon this Stipulation, without further proceedings; the Court any enter an order with the following terms:

1. Any information and/or documents produced or exchanged in the course of this case which is designated and marked CONFIDENTIAL, pursuant to paragraph 2 herein, shall be subject to the terms of this Stipulation and Protective Order entered pursuant to it.

2. Information produced or exchanged in the course of this case shall be used solely for the purposes of the prosecution or defense of this case and for no other purpose. A party

FILED JUL 06 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

including an officer, agent, or employee of that party, or from any other person who authorizes that party to designate such as confidential, may designate information or materials (including depositions or portions thereof) as "CONFIDENTIAL" where that party reasonably believes that the information or materials constitute, reflect, or disclose confidential, proprietary, and/or secret information of the party which that party wishes to maintain in confidence. Information or materials designated as "CONFIDENTIAL" shall not be made available to anyone other than "QUALIFIED PERSONS" as defined in paragraph 3. The term "confidential material" shall include all or any of the following:

(a) documents, interrogatory answers, deposition testimony, and other information or materials produced or otherwise made available to the parties to this litigation;

(b) copies, extracts, reports, studies, complete or partial summaries, and other documents or materials made or prepared from confidential materials; and

(c) transcripts, briefs, memoranda, exhibits, and other pleadings or writings which include, summarize, or otherwise disclose any confidential material.

In connection with the production of material by any party, "CONFIDENTIAL" material shall be indicated by conspicuously marking each page that contains, reflects, or discloses such information or material. The designation shall take substantially the following form:

"CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY EYES ONLY"

In lieu of marking the original of the documents, the party may mark the copies that are produced or exchanged.

3. The documents or information designated as confidential may be disclosed to witnesses during oral depositions of such persons if such persons are qualified persons as defined in paragraph 4 and if they comply with the terms of paragraph 5 hereof; provided, however, that

to the extent that the transcript of any deposition and the exhibits thereto incorporate confidential documents, such transcript and exhibits shall be sealed subject to further order of the Court.

4. Unless and until a party obtains a court order permitting disclosure, all information and documents, and the contents of those documents, covered by this Stipulation and Protective Order shall be disclosed only to "Qualified Persons." "Qualified Persons" shall include only the plaintiff and representatives of defendant or employees, officers, directors deposed, court reporters, legal counsel representing plaintiffs and defendants in this case, outside consultants or experts retained by a party or counsel, such other persons as the parties may agree to in writing, and the Court. Legal counsel shall include the attorneys of record for the parties, their partners, associates or legal assistants.

5. No qualified person shall have access to information or materials covered by this Stipulation and Protective Order without having first read, acknowledged, and agreed in writing to be bound by the Stipulation and Protective Order by signing a written agreement in the form attached as Exhibit A; provided, however, that counsel for the parties need not individually sign an acknowledgment if a member of the firm with which they are affiliated has signed on behalf of the firm. A copy of each written agreement signed in the form attached as Exhibit A showing the name, address, and identity of each person signing the agreement shall be maintained by counsel for the party obtaining them, and shall be made available for any other party upon execution by that person.

6. In the event of inadvertent disclosure of information or materials designated "CONFIDENTIAL" to a person not authorized for access to such material under the terms of this Order, the party responsible for having made and any party with knowledge of such disclosure shall immediately inform counsel for the party whose "CONFIDENTIAL" information has thus

been disclosed of all known relevant information concerning the nature and the circumstances of the disclosure. The responsible party shall also take all reasonable measures promptly to ensure that no further or greater unauthorized disclosure of the information or material is made by anyone and each party will cooperate in that effort.

7. Either party may move the Court for an order permitting the disclosure or use of any information or document covered by this Stipulation and Protective Order for any purpose based upon good cause. The Court may enter such orders as deemed appropriate and a party may thereafter disclose or use such information or documents as a Court order may permit and in such manner as the Court order may provide.

8. Designation of information or documents as confidential. The procedure for designation and transmission of information designated as confidential is set forth in paragraph 2 herein. If a party disagrees with the confidentiality designation made by a party, the disagreeing party shall notify the designating party in writing within ten days of receipt or notice of designation of material as confidential, of the objection and grounds therefor. Thereafter, within three days of such notice of objection, the parties must in good faith attempt to resolve the dispute on an informal basis. If said dispute is not resolved on an informal basis within three days, the designating party shall, within ten days after attempts to resolve the dispute have failed, be responsible for submitting the dispute to the Court for ruling on the confidentiality designation. The designation of such information or material as confidential shall be maintained pending the ruling of the Court.

Disclosure of material designated as confidential. In the event the party receiving information marked or identified as confidential asserts that the confidential information should be disclosed to persons other than those described in paragraph 4, the party shall first advise the

party claiming confidentiality of the specific information or material sought to be disclosed of the person to whom it is to be disclosed in writing. The party claiming confidentiality must make any objection to such disclosure within five working days from the receipt of the written notification. If such objection is made, the party seeking disclosure shall not do so without prior order of the Court or written agreement of the parties. The parties must attempt to informally resolve the dispute within three days of receipt of objection to such disclosure by the party claiming confidentiality. The party seeking disclosure has the burden of bringing a motion before the Court within ten days of failure to reach agreement between the parties. In the event a motion to permit disclosure is filed with the Court, the confidential material shall not be disclosed until such motion has been granted. Failure to object shall not constitute waiver of any objections, including but not limited to substantive or evidentiary objections.

9. The inadvertent production or disclosure of any document, material, or information subject to the attorney-client privilege, attorney-work product privilege, or any other applicable privilege shall not be deemed a waiver, in whole or in part, of the producing party's or non-party's claim of such privilege. The parties agree that they shall not argue that such inadvertent disclosure constitutes a waiver, in whole or in part, of any privilege. The parties further agree that all such documents or materials inadvertently disclosed (and all copies of such materials) shall be returned to the producing party or non-party within twenty-four (24) hours after written demand for such return is made by the producing party or non-party.

10. No party shall file with the Court any motion, memorandum, or other paper containing or otherwise exhibiting, excerpting, and/or disclosing any information designated as "CONFIDENTIAL" hereunder, unless said motion, memorandum, or other paper is filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption of

this action, as indication of the nature of the contents, the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" and a statement in substantially the following form:

> This envelope contains documents which were filed in this case by (name of party). Pursuant to order of Court, it is not to be opened nor shall its contents be displayed or revealed except by the Court order or by stipulation of the parties.

11. With respect to testimony of a party or a party's officers, directors, agents, consultants, experts, and/or employees elicited during depositions, whenever counsel for a party deems that any question or line of questioning calls for the disclosure of information which relates to his or her client and which should be treated as Confidential Information or with respect to such client, counsel shall designate on the record prior to such disclosure that such disclosure is "Confidential Information." In such situations, the question(s) and answer(s) designated by counsel as pertaining to Confidential Information should be transcribed separately from the remainder of the deposition. Portions of transcripts designated as including Confidential Information that are transcribed separately shall be retained by counsel, unless filed in this Court, in which event they shall be filed in this Court in an envelope under seal and the envelope shall include on its face the statement reflected in paragraph 6 of this Order.

12. Counsel for any party may exclude from the room during a deposition, any person (other than the witness who is then testifying) who is not entitled under this Order to receive Confidential Information. Confidential Information shall not be disclosed to the witness then testifying except in strict conformity with the provisions of this Order, including the requirement that the testifying witness agree to be bound by the terms of this Order by executing the Agreement set forth in Exhibit A hereof. However, when the witness testifying is employed by one of the parties, officers of that party may be present at the deposition without violating the provisions of this paragraph 15.

13. Nothing herein shall prevent disclosure beyond the terms of this Order if the party designating the information as Confidential Information consents to such disclosure or if the Court, after notice to all affected parties, orders such disclosure.

14. With respect to material or information designated "confidential" or "protected" after the date of this order, regardless of when produced, counsel shall advise the designating party's counsel whether such designated material or information is Independently in the possession of a party within a reasonable time of such designation or independent receipt of such materials, whichever occurs later.

15. Within 30 days of the completion of this case, all documents, including all copies of those documents, shall be returned to the producing party.

16. This stipulation is without prejudice to the right of either party to object to the admissibility or use of any information or documents referred to it in any manner in this case in the future.

17. The Court retains jurisdiction to enforce the provisions of this Order and to make such arrangements, modifications and additions to this Order as the Court may from time to time deem appropriate.

DATED: 6/30/2000

By [signature]
Robert Bennett (6713)
GARTNER, BENNETT & SCHUPP P.C.
One Financial Plaza, Suite 2200
120 South Sixth Street
Minneapolis, Minnesota 55402-1824
(612) 333-3839
Attorneys for Plaintiff

DATED: 6/29/00

By [signature]
Dayle Nolan (121290)
LARKIN, HOFFMAN, DALY & LINDGREN, Ltd.
1500 Norwest Financial Center
7900 Xerxes Avenue South
Bloomington, Minnesota 55431
(612) 835-3800
Attorneys for Defendant

Based on the above stipulation between the parties through their respective counsel,

IT IS HEREBY ORDERED.

Datcd: 7/6/00

U.S. MAGISTRATE JUDGE

AGREEMENT CONCERNING MATERIAL COVERED BY
A STIPULATION AND PROTECTIVE ORDER ENTERED
IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

I, the undersigned, hereby acknowledge that I have read the attached Stipulation and Protective Order entered in the United States District Court, District of Minnesota, Court File No. 00-CV76 (ADM/AJB), entitled "Steven T. Kattke, Plaintiff, v. The Independent Order of Foresters, a Canadian corporation, Defendant," and understand the terms thereof and agree to be bound by all such terms. Without limiting the generality of the foregoing, I agree not to disclose to any person or entity not authorized to receive such "Confidential" information, pursuant to the terms of said Protective Order, any document or any information designated as "Confidential Information" or any copies of extracts or information derived therefrom, which have been disclosed to me. I further agree to use any information disclosed to me in connection with the above-mentioned action solely for the purposes of the action and for no other purpose.

I hereby submit myself to the jurisdiction of the United States District Court, District of Minnesota, for the purposes of enforcing said Stipulation and Protective Order.

Dated: ______________________________

Type or print name

0597505.01

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

## Clerks Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.